18-642(L)
United States v. Jergensen & Ghosh

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand nineteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                            Nos. 18-642-cr(L),
                                                              18-1118-cr(CON)

KEITH ERIC JERGENSEN, DEBASHIS GHOSH,

*Defendants-Appellants.*

------------------------------------------------------------------

| | |
|---|---|
| FOR DEFENDANT-APPELLANT KEITH ERIC JERGENSEN: | JAMES P. EGAN, Assistant Federal Public Defender, *for* |

Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

FOR DEFENDANT-APPELLANT DEBASHIS GHOSH:

PAUL R. STEADMAN (Jamie L. Davis, *on the brief*), DLA Piper LLP (US), Chicago, IL; CHRISTOPHER AMOLSCH, The Law Offices of Christopher Amolsch, Leesburg, VA.

FOR APPELLEE:

MICHAEL S. BARNETT, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY.

Appeals from judgments of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

Defendants-appellants Keith Eric Jergensen and Debashis Ghosh were convicted after a jury trial in the United States District Court for the Northern District of New York (Sannes, J.) of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.   Jergensen was sentenced principally to a term

2

of 59 months' imprisonment, and Ghosh was sentenced principally to a term of 57 months' imprisonment. On appeal, they make various arguments relating to the statute of limitations, the District Court's exclusion of portions of expert testimony, the procedural and substantive reasonableness of their sentences, and the forfeiture orders imposed by the District Court. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Statute of Limitations

Ghosh argues that the jury instructions provided by the District Court were erroneous because they did not require the jury to find that any "lulling" communications occurred before the completion of the charged scheme or its central criminal purpose. "[A]cts of concealment" that are undertaken "for the purpose only of covering up" the criminal conspiracy after its central objectives are completed do not extend the duration of the conspiracy. Grunewald v. United States, 353 U.S. 391, 405 (1957). When one of the goals of the conspiracy is to make money, "the jointly undertaken scheme continues through the conspirators' receipt of their anticipated economic benefits," and "efforts to

3

secrete or launder moneys gained from a scheme for monetary gain, and to safeguard them from discovery or recovery, are to be considered acts in furtherance of the conspiracy, rather than mere acts of concealment of the commission of crime." United States v. Milstein, 401 F.3d 53, 72 (2d Cir. 2005). "Lulling" communications—those that are "designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no [such communication] had taken place," United States v. Lane, 474 U.S. 438, 451–52 (1986)—fall into this category, as they allow the conspirators to "reap . . . and keep . . . economic gains from their conspiracy." Milstein, 401 F.3d at 72; see United States v. Rogers, 9 F.3d 1025, 1029–30 (2d Cir. 1993).

Here, the District Court instructed the jury that it could find that the conspiracy continued past July 28, 2011—the date five years prior to the indictment, see 18 U.S.C. § 3282(a) (establishing the applicable five-year statute of limitations)—if it found that part of the conspiracy involved one or both defendants making lulling communications to the victim, Laurentian Aerospace Corporation, after that date. The jury was also instructed that "[a]cts of

4

concealment done in furtherance of the main criminal objectives of the conspiracy are said to continue a conspiracy," in contrast to acts "done after central objectives of the conspiracy have been attained, for the sole purpose of covering up after a crime." Ghosh App'x 1768–69. We find no error in these instructions, which allowed the jury to convict only upon finding that the lulling communications were part of the conspiracy to "reap and keep" Laurentian's $2.5 million. See Rogers, 9 F.3d at 1029–30.

Ghosh and Jergensen separately argue that there was insufficient evidence for the jury to conclude that the conspiracy continued past July 28, 2011. We disagree. Based on the evidence presented at trial, the jury could have properly found that the conspiracy was not complete until after the September 30, 2011 email from Jergensen to Laurentian falsely describing the location of the $2.5 million. See id. at 1030.

2. Exclusion of Portions of Expert Testimony

Ghosh next argues that the District Court improperly excluded portions of an expert's testimony under Federal Rule of Evidence 704(b). We need not decide whether the District Court's evidentiary decision was error, because we

5

conclude based our review of the record that the evidence of Ghosh's guilt was overwhelming and that any error was harmless. See United States v. Litvak, 808 F.3d 160, 184 (2d Cir. 2015). The defendants signed agreements requiring a signature from a Laurentian representative to transfer funds from the Equity Account, transferred the money to another account over which they had control without Laurentian's approval, spent the money to satisfy their own expenses and obligations, misappropriated funds from another corporation, and repeatedly provided false explanations to Laurentian about the location of Laurentian's funds. Given this evidence, any error did not affect the outcome of the trial. See United States v. Miller, 626 F.3d 682, 690 (2d Cir. 2010).

3. Abuse of Trust Enhancement

Ghosh and Jergensen challenge the District Court's two-level enhancement under the Sentencing Guidelines for abusing a position of trust in a way that significantly facilitated the commission or concealment of offense of conviction. U.S. Sentencing Guidelines Manual § 3B1.3 (U.S.S.G.); see United States v. Allen, 201 F.3d 163, 166–67 (2d Cir. 2000); United States v. Castagnet, 936 F.2d 57, 60–62 (2d Cir. 1991). "[A] position of trust is held by one who was accorded discretion

6

by the victim and abused a position of fiduciary or quasi-fiduciary status," and "[w]hether a position is one of 'trust' within the meaning of § 3B1.3 is to be viewed from the perspective of the offense victims[.]" United States v. Huggins, 844 F.3d 118, 124 (2d Cir. 2016) (quotation marks omitted). We conclude that it was not error for the District Court to apply the two-level enhancement for abuse of trust in light of the following evidence: Jergensen was given the discretion to set up the Equity Account at the center of this case, but no Laurentian representatives were signatories to the account during the relevant time period, a fact known to Jergensen and Ghosh but not to Laurentian representatives; Laurentian did not receive any monthly statements until March 2011, well after the defendants began transferring money out of the Equity Account; and Jergensen agreed that he was a fiduciary of the $2.5 million. See Ghosh App'x 1482.

4. Minor Role Adjustment

The District Court determined that Ghosh was not entitled to a two-level decrease for being a "minor participant in [the] criminal activity." U.S.S.G. § 3B1.2(b). Ghosh contends that he was entitled to the decrease because he was

7

less culpable than Jergensen. But the parties stipulated that Jergensen and Ghosh executed and approved each transfer out of the Equity Account. Even if Jergensen had more contact than Ghosh did with the Laurentian victims and with Selippos Technical Limited, a company with which Verdant—the firm Ghosh and Jergensen ran as Co-Chief Executive Officers—agreed to authorize a transfer of the $2.5 million into an account controlled by Selippos, "[a] reduction will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' . . . as compared to the average participant in such a crime." United States v. Rahman, 189 F.3d 88, 159 (2d Cir. 1999); see United States v. Algahaim, 842 F.3d 796, 799 (2d Cir. 2016). We find no error in the District Court's conclusion.

5. Substantive Unreasonableness

Attacking the loss table in section 2B1.1(b) of the Guidelines, Ghosh and Jergensen also insist that their sentences were substantively unreasonable. See Algahaim, 842 F.3d at 800. Here, however, the District Court recognized that "loss can be an imperfect measure of the seriousness of an offense," stated that it

8

understood that it could vary from the Guidelines on that basis, and then denied a variance. Jergensen App'x 271–72. For these reasons, we reject the argument that the sentences were substantively unreasonable.

6. Forfeiture

Finally, Ghosh and Jergensen argue that, as a result of Honeycutt v. United States, 137 S. Ct. 1626 (2017), the District Court erred in holding them jointly and severally liable for forfeiture of $2.5 million. In Honeycutt, the Supreme Court stated that 21 U.S.C. § 853(a)'s "limitation of forfeiture to tainted property acquired or used by the defendant, together with the plain text of § 853(a)(1), foreclose joint and several liability for co-conspirators." 137 S. Ct. at 1633. However, this principle applies only to proceeds that a defendant did not himself acquire. See United States v. Tanner, 942 F.3d 60, 67–68 (2d Cir. 2019). In this case, both Ghosh and Jergensen approved every transfer out of the Equity Account to an account controlled by Verdant, and thus each acquired or used the tainted funds. Their reliance on Honeycutt is therefore misplaced.[1]

---

[1] We note that although the Government's brief stated that the forfeiture orders do not refer to joint and several liability, it conceded at oral argument that the District Court ordered that Jergensen and Ghosh were jointly and severally liable

We have considered Jergensen and Ghosh's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

for the forfeiture amount. We agree with the parties' shared understanding.